# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| APPLICA CONSUMER PRODUCTS, INC. | § § § | |
| vs. | § § | CIVIL ACTION NO. 2:07-CV-454 |
| OURPET'S CO. | § § | |

| | | |
|---|---|---|
| APPLICA CONSUMER PRODUCTS, INC. | § § § | |
| vs. | § § | CIVIL ACTION NO. 2:07-CV-073 |
| DOSKOCIL MANUFACTURING COMPANY, INC., AND LUCKY LITTER, LLC | § § § § | |

## ORDER

Pending before the court are a number of notices and motions by the defendants in the above captioned cases requesting that the court reconsider its September 16, 2008 ruling, staying the case with respect to the '847 patent, but not as to the '302 patent.

The court has reconsidered its ruling in light of the posture of these cases. The burden imposed on the court and the parties to adjudicate the cases in a piecemeal manner would not be a prudential use of resources, as the accused products and the claims are similar across both patents-in-suit.[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Accordingly, the court stays the above cases pending final resolution by the ITC of the claims

---

[1] In its September 16, 2008, ruling, the court indicated that it was not persuaded that the claims of the '302 patent involve the same issues as involved in the proceeding before the ITC, and, as such, the court declined to stay the proceedings involving the '302 patent. The court has re-evaluated this position in light of the activities of the case.

involving the '847 patent.  The parties are ordered to notify the court upon the conclusion of the ITC proceedings.

SIGNED this 28th day of August, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE